FILED

OCT - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. 07-054 (RMU) |
| v. | : | Plea Hearing: September 18, 2007 |
| EDWARD WIGGINS, | : | |
| Defendant. | : | |

## UNITED STATES' SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING OF EDWARD WIGGINS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

**I.    ELEMENTS OF THE OFFENSE:**

The essential elements of the offense of Unlawful Distribution of 5 Grams or More of a Controlled Substance, to wit, Cocaine Base, also known as crack, in violation of 21 U.S.C. Section 841(a)(1) are:

1. That the defendant distributed a controlled substance. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return; and

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The law makes cocaine base, also known as crack, a controlled substance. You must decide whether the material was cocaine base, also known as crack. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable

doubt that the defendant distributed a detectable amount of cocaine base, also known as crack.

The government is not required to prove that the defendant knew the precise type of controlled substance that was distributed. The government must prove beyond a reasonable doubt, however, that the defendant knew that he distributed some type of controlled substance. See District of Columbia Criminal Jury Instruction 4.30 (1993) ("Red Book").

**II.    COPY OF THE PLEA AGREEMENT:**

A copy of the plea agreement, not yet executed by the parties, is attached.

**III.    FACTUAL PROFFER IN SUPPORT OF EDWARD WIGGINS' GUILTY PLEA:**

If this case were to go to trial, the Government's evidence would establish the following beyond a reasonable doubt:

On July 14, 2005, a confidential informant (CI) working with Metropolitan Police Department (MPD) officers called Mr. Wiggins regarding the purchase of 31 grams of crack cocaine. At approximately 4:55 p.m., the CI and an MPD detective working in an undercover (UC) capacity met Mr. Wiggins in the 2600 block of Bowen Road, in Southeast, Washington, D.C. Mr. Wiggins pulled up behind the UC vehicle in a blue Chevy Envoy and motioned for the CI to come to his vehicle. The UC handed the CI $1000 in pre-recorded MPD funds, and the CI walked over to Mr. Wiggins' vehicle. The CI then returned to the UC vehicle and handed the UC a clear plastic bag containing 26.7 grams of suspected crack cocaine. The CI introduced Mr. Wiggins to the UC, and Mr. Wiggins told the UC that it was alright for him to call Mr. Wiggins to purchase crack cocaine. Mr. Wiggins then drove away, and the UC and the CI also exited the area.

In addition, on November 8, 2006, Mr. Wiggins distributed 49.6 grams of suspected crack cocaine in the District of Columbia to the CI and another undercover MPD officer. Finally, on

November 16, 2006, Mr. Wiggins distributed 48.9 grams of suspected crack cocaine in the District of Columbia to a UC. The DEA conducted forensic analysis of all of the cocaine base distributed by Mr. Wiggins in the District of Columbia on July 14, 2005, and on November 8 and 16, 2006, and confirmed the presence of cocaine base, also known as crack, which is smokeable or capable of being smoked, with a total net weight of 125.2 grams and a concentration of between 57-71%.

                              Respectfully submitted,
                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

By:    AARON H. MENDELSOHN
        Assistant United States Attorney
        Bar No. 467-570
        Federal Major Crimes Section
        555 4th Street, N.W. (Room 4239)
        Washington, D.C. 20530
        (202) 514-9519

## DEFENDANT'S ACCEPTANCE

I have read this submission, including the elements of the offense section, the attached plea agreement, and the factual proffer, and have discussed it with my attorney, Howard Katzoff, Esquire. I fully understand this submission and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this submission and the attached plea agreement. I am satisfied with the legal services provided by my attorney in connection with this submission and plea agreement and matters related to it.

Date: 10-2-07

Edward Wiggins
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this submission and the attached plea agreement, reviewed them with my client, Edward Wiggins, and discussed the provisions of the submission and agreement with my client, fully. These pages accurately and completely sets forth the entire submission and plea agreement. I concur in my client's desire to plead guilty as set forth in this submission and agreement.

Date: 10-2-07

Howard Katzoff, Esquire
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing to be served upon the attorney for the defendant, Howard Katzoff, Esquire, Esq., this 1st day of October, 2007.

Aaron H. Mendelsohn
Assistant United States Attorney

4