UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. 07-054 (RMU) |
| | : | |
| v. | : | |
| | : | Sentencing Date: January 7, 2008 |
| **EDWARD WIGGINS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

1.  Pursuant to a plea agreement, the defendant pled guilty on October 2, 2007, to Count 1 of an Indictment charging Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of Title 21 U.S.C. Section 841(a)(1) and (b)(1)(B)(iii).

2.  Based upon a total offense level of 27, and the defendant's criminal history category of III, the guideline range for imprisonment is 87 to 108 months. Additionally, the minimum term of imprisonment for Unlawful Distribution of 5 Grams or More of Cocaine Base is 5 years.

3.  Specifically, the defendant acknowledged certain relevant criminal conduct by signing a factual proffer at the time of his October 2, 2007, guilty plea. The defendant admitted that on July 14, 2005, a confidential informant (CI) working with Metropolitan Police Department (MPD) officers called Mr. Wiggins regarding the purchase of 31 grams of crack cocaine. At approximately 4:55 p.m., the CI and an MPD detective working in an undercover

(UC) capacity met Mr. Wiggins in the 2600 block of Bowen Road, in Southeast, Washington, D.C. Mr. Wiggins pulled up behind the UC vehicle in a blue Chevy Envoy and motioned for the CI to come to his vehicle. The UC handed the CI $1000 in pre-recorded MPD funds, and the CI walked over to Mr. Wiggins' vehicle. The CI then returned to the UC vehicle and handed the UC a clear plastic bag containing 26.7 grams of suspected crack cocaine. The CI introduced Mr. Wiggins to the UC, and Mr. Wiggins told the UC that it was alright for him to call Mr. Wiggins to purchase crack cocaine. Mr. Wiggins then drove away, and the UC and the CI also exited the area.

In addition, on November 8, 2006, Mr. Wiggins distributed 49.6 grams of suspected crack cocaine in the District of Columbia to the CI and another undercover MPD officer. Finally, on November 16, 2006, Mr. Wiggins distributed 48.9 grams of suspected crack cocaine in the District of Columbia to a UC. The DEA conducted forensic analysis of all of the cocaine base distributed by Mr. Wiggins in the District of Columbia on July 14, 2005, and on November 8 and 16, 2006, and confirmed the presence of cocaine base, also known as crack, which is smokeable or capable of being smoked, with a total net weight of 125.2 grams and a concentration of between 57-71%.

4. Given the nature and circumstances of the defendant's criminal actions, but also considering that all of his prior criminal convictions and most of his arrests are from long ago, and that he is, and has been, gainfully employed for several years, the government believes that a sentence at the low end of the guideline range for imprisonment of 87 to 108 months is appropriate in this case. Consideration of the sentencing factors enumerated in Title 18 U.S.C. Section 3553 makes clear that a guideline sentence in this case would reflect the seriousness of

the offenses committed.  A guideline sentence would also both afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.  While his criminal history is admittedly old, the defendant sold 125.2 grams of cocaine base over a period of three different days in 2005 and 2006, so it is clear that he was not focused solely on his lawful employment over that time period.  Finally, a sentence at the low end of the guideline range of 87 to 108 months would provide the defendant, who has acknowledged past problems with heroin, PCP, marijuana, and crack cocaine, with an opportunity to receive drug education and to work on completing his GED.

     5.    For all of the above reasons, the Government respectfully requests that the Court impose upon the defendant a sentence at the low end of the guideline range for imprisonment of 87 to 108 months.

                              Respectfully submitted,
                              JEFFREY A. TAYLOR
                              United States Attorney

BY:    _____/S/_____
           JEAN W. SEXTON
           Assistant United States Attorney
           NJ Bar No. 02122-1995
           555 4th St., N.W. Room 4235
           Washington, D.C. 20530
           (202) 305-1419
           Jean.Sexton@usdoj.gov